IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

J.A.,
by his parents and next friends,
Carl Andersen and Alyson Steele
117 12th Street, SE, Apt.# 8
Washington, D.C. 20003

and

CARL ANDERSEN AND ALYSON STEELE
117 12th Street, SE, Apt.# 8
Washington, D.C. 20003

      Plaintiffs,

    v.

DISTRICT OF COLUMBIA,
A Municipal Corporation,
One Judiciary Square,
441 Fourth Street, NW,
Washington, D.C. 20001,

and

ADRIAN M. FENTY, (officially as)
Mayor of the District of Columbia,

John A. Wilson Building,
1350 Pennsylvania Avenue, NW,
Washington, DC 20004,

and

MICHELLE A. RHEE, (officially as)
Chancellor,
District of Columbia Public Schools,
825 North Capitol Street, NE,
Washington, D.C. 20002,

      Defendants.

**Civil Action No. _____**

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

### Preliminary Statement

1. This is an action for placement and funding of the costs incurred by plaintiffs Carl Anderson and Alyson Steele ("the parents"), in educating their son, J.A., after the District of Columbia Public Schools ("DCPS") failed to provide him with a free appropriate public education ("FAPE") as required under the Individuals with Disabilities Education Improvement Act ("IDEA"), 20 U.S.C. §§ 1400-1487, and an Independent Hearing Officer of the District of Columbia Public Schools Student Hearing Office exacerbated that failure by failing to issue a complete or accurate Hearing Officer's Decision.

### Jurisdiction

2. This Court has jurisdiction over this matter pursuant to the IDEA, 42 U.S.C. § 1983 ("Section 1983"), and 28 U.S.C. §§ 1331 and 1343. Declaratory relief is authorized by 28 U.S.C. §§ 2201 and 2202. Plaintiffs have exhausted their administrative remedies and appeal to this Court from a decision of an Independent Hearing Officer of the District of Columbia Public Schools Student Hearing Office.

### Parties

3. J.A. is a disabled child as defined by the IDEA, eligible to receive special education and related services. At all times relevant to this action, this student and his parents resided in the District of Columbia. The parents bring this action on J.A.'s behalf and in their own right.

4. The District of Columbia is a municipal corporation receiving federal financial assistance; it is required to comply with the IDEA.

5. Adrian M. Fenty is the Mayor of the District of Columbia. Since June 12, 2007, he has authority over DCPS pursuant to the Public Education Reform Amendment Act of 2007, Law 17-9, Act 17-38. As such, he is responsible for all operations and functions of DCPS, including DCPS compliance with District and federal law as to the education of disabled children, ensuring that all disabled children in the District of Columbia receive a FAPE, and guaranteeing that their rights to equal protection of the law and due process of law are respected. He is sued in his official capacity.

6. Michelle A. Rhee is the Chancellor of DCPS. She serves at the pleasure of the Mayor and is the public official charged with the responsibility for ensuring that DCPS complies with District and federal law as to the education of disabled children, and ensuring that all disabled children in the District of Columbia receive a FAPE and that their rights to equal protection of the law and due process of law are respected. She is sued in her official capacity.

**Factual Allegations**

7. J.A. is a four-year-old student whom DCPS has found eligible to receive special education under the IDEA as a child with a "developmental delay."

8. J.A.'s developmental delays are primarily in the areas of expressive and pragmatic language, sensory processing, and motor skills. J.A. also has limited social and adaptive skills. As a result of these disabilities, he requires a small, full-time special education program with integrated related services.

9. For the 2006-07 school year, J.A. attended West Elementary School. The program and placement at West were not appropriate for J.A. and he failed to make significant progress. Specifically, his behaviors worsened, he regressed academically, and he experienced sensory overload due to the large and noisy classroom setting.

10. While J.A. was at West DCPS school staff failed to collect data to appropriately evaluate his progress or lack of progress as required by his Individualized Education Program ("IEP") and the IDEA.

11. On June 12, 2007, DCPS convened an IEP meeting at the Central Assessment Referral and Evaluation ("CARE") Center to review J.A.'s progress at West, revise his IEP, and determine an appropriate placement. DCPS failed to have a complete IEP team present at the meeting. Specifically, the school system failed to have any representatives from West to speak about J.A.'s progress. The school system also failed to have a general educator and any related service providers at the meeting.

12. At the June 12th meeting, DCPS admitted that it failed to document J.A.'s progress as required by his IEP and the IDEA. The team further decided that placement could not be determined until the IEP was revised. The parents requested that the school system provide them with progress reports and that J.A.'s teacher be present at the next meeting.

13. On August 15, 2007, the IEP team reconvened in order to review J.A.'s progress and revise the IEP. DCPS gave the parents progress reports that were vague and did not provide them with any data as to J.A.'s progress. Once again, and despite the request of the parents at the prior meeting, DCPS failed to have a complete IEP team present. DCPS failed to include J.A.'s

teacher (or any representative from West), a general educator, an Occupational Therapist, and a school psychologist or social worker.

14. Due to the lack of data and service providers, the IEP team was unable to properly review J.A.'s progress for the 2006-07 school year.

15. The team did not update, modify, edit or otherwise revise J.A.'s goals and objectives for the 2007-08 school year.

16. The IEP team did not update, modify, edit or otherwise revise J.A.'s present levels of performance for the 2007-08 school year.

17. DCPS failed to draft an IEP for the 2007-08 school year. To date, DCPS has failed to propose an IEP for J.A. for the 2007-08 school year.

18. At the end of the meeting, despite the lack of an IEP for the 2007-08 school year, the IEP team provided the parents with a Prior Notice changing J.A.'s placement to Anne Beers Elementary School. There was little to no discussion about the proposed change in placement at the IEP meeting.

19. The parents were not involved in the decision to place J.A. at Anne Beers, as required by the IDEA.

20. At the IEP meeting, the parents informed the IEP team of their intent to withdraw J.A. from the public program and enroll him in a private program at public expense.

21. Ms. Steele and her educational advocate visited the proposed program at Anne Beers and found it woefully inadequate to meet J.A.'s needs. Specifically, the program cannot provide J.A. with the level of consistency, structure and routine that he requires.

22. The classroom at Anne Beers has a high level of noise which is inappropriate for J.A., who becomes withdrawn when overloaded with sensory stimulation.

23. The program at Anne Beers cannot provide J.A. with positive behavior modeling, incentives, or modifications.

24. J.A. requires an integrated approach to learning which Anne Beers cannot provide.

25. On November 1, 2007, J.A.'s parents filed a due process hearing request, appealing the decision of the IEP team.

26. DCPS failed to answer the due process hearing complaint, as required by the IDEA.

27. The parents attended a mandatory Dispute Resolution Session on November 13, 2007. The resolution session was unsuccessful and the parties proceeded to due process hearing.

28. A due process hearing was convened before Hearing Officer Will Purcell on December 20, 2007. At the hearing, the parties both presented evidence as to whether DCPS denied J.A. a FAPE.

29. At the hearing, the parents presented expert testimony from Stephanie Owens. Ms. Owens testified as to the school system's failure to propose an IEP for the 2007-08 school year. She also testified about the school system's failure to include the parents in the decision to change J.A.'s placement to Anne Beers, and specifically why that program was inappropriate for him.

30. The parents presented evidence from Dr. Griffin Doyle, an expert in psychology who worked with J.A. twice a week and provided him with Developmental Individual Difference

relationship-based therapy. Dr. Doyle testified about J.A.'s need for a multi-dimensional approach to address his pervasive multiple delays. He also testified that J.A. needs ongoing psychological services to address his needs.

31. The school system failed to present any expert testimony to rebut the testimony of Dr. Doyle and Ms. Owens. In direct contrast, neither witness for DCPS had any direct knowledge of J.A. or his educational needs.

32. On January 3, 2008, Hearing Officer Will Purcell issued his two-and-a-half page decision which does not contain any analysis or discussion about the witnesses and testimony at the hearing. Despite this, he concluded that the parents had not met their burden of proof to establish that the student's IEP was inappropriate or that Anne Beers was an inappropriate placement. Despite this, he ordered DCPS to hold an IEP meeting to review the IEP, discuss the appropriateness of related services, and placement.

33. The Hearing Officer's decision contains only four brief "findings of fact and conclusions of law."

34. The Hearing Officer failed to provide a list of witnesses who testified at the hearing. He further failed to recite, differentiate, or evaluate any of the witnesses' testimony or their credibility.

35. The Hearing Officer did not weigh or discuss any of the testimony or evidence.

36. The Hearing Officer failed to provide a full recitation of the facts of the case. The few facts that he did provide were not accurate.

37. The Hearing Officer failed to provide case law and statutory law on which he based his decision.

38. Pursuant to the Hearing Officer's decision, on January 31, 2008, DCPS convened an IEP meeting at the CARE Center to review the IEP and determine the appropriateness of Anne Beers.

39. The January 31, 2008 meeting was terminated without reviewing J.A.'s IEP. J.A.'s parents requested that new evaluations be conducted so that an appropriate IEP could be created.

40. Another IEP meeting was held on March 7, 2008. At this point, J.A.'s parents had already begun but had not completed private evaluations. The parents agreed to send the evaluations to DCPS after they are completed. They also gave consent for DCPS to observe J.A. at his current placement.

41. The meeting notes from the March 7, 2008 IEP meeting reflect that the IEP is out of date.

42. J.A. is currently attending Jenny Waelder Hall Center, where he is making significant educational progress.

## COUNT I

(Failure to Provide a FAPE)

43. Plaintiffs incorporate as though restated each of the factual allegations stated in paragraphs 1 through 42 above.

44. Federal and D.C. law require that a school system provide a student with a free and appropriate public education ("FAPE"), and that a system that fails to provide a student with a FAPE must place and fund that student in a private placement that can provide that student with educational benefit.

45. DCPS failed to offer J.A. a FAPE by failing to complete and update his IEP for the 2007-08 school year and by failing to offer him an appropriate placement to meet his needs. In violation of federal and D.C. law, DCPS by its own admission does not currently have an updated IEP for J.A.

46. J.A. is receiving significant educational benefit at his current placements.

47. The Hearing Officer committed error, and violated plaintiffs' rights under the IDEA and D.C. law, by failing to order DCPS to provide reimbursement for J.A.'s placement for the 2007-08 school year.

## COUNT II

(Failure to Provide an Adequate and Complete Decision)

48. Plaintiffs incorporate as though restated each of the factual allegations stated in paragraphs 1 through 42 above.

49. The IDEA and D.C. Rules of Procedure require the Hearing Officer to issue a decision based on substantive grounds that separately lists findings of fact and conclusions of law.

50. The Hearing Officer here failed to list the witnesses or discuss their testimony, failed to separately and completely list findings of fact and conclusions of law, and failed to provide any substantive analysis to explain how he reached his decision.

51. The Hearing Officer committed error and violated J.A.'s rights by denying his requested relief without properly weighing the evidence before him and providing a reasoned explanation of his analysis of that evidence.

WHEREFORE, plaintiffs respectfully request that this Court:

1. Issue declaratory relief that the plaintiffs are entitled to reimbursement from DCPS for J.A.'s placement retroactive to the start of the 2007-08 school year.

2. Order the defendants to reimburse plaintiffs for J.A.'s education retroactive to the start of the 2007-08 school year.

3. Order defendants to pay plaintiffs' reasonable attorneys' fees and costs, including the fees and costs of this action; and

4. Award any other relief that this Court deems just.

Respectfully submitted,

_____
Michael J. Eig          #912733
Matthew B. Bogin        #911552
Paula A. Rosenstock     #494580
Patricia F. Cyr         #490755

MICHAEL J. EIG AND ASSOCIATES, P.C.
5454 Wisconsin Avenue, Suite 760
Chevy Chase, Maryland 20815
(301) 657-1740

Counsel for Plaintiffs

## CIVIL COVER SHEET

| I (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| J.A by his parents and next friends, Carl Andersen and Alyson Steele | District of Columbia, et. al |

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Michael J. Eig, Esquire
Michael J. Eig & Associates, P.C.
5454 Wisconsin Avenue, Suite 760
Chevy Chase, Maryland 20815
301-657-1740

ATTORNEYS (IF KNOWN)

### II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

○ 1 U.S. Government Plaintiff
● 3 Federal Question (U.S. Government Not a Party)
○ 2 U.S. Government Defendant
○ 4 Diversity (Indicate Citizenship of Parties in item III)

### III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

### IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

**○ A. Antitrust**
☐ 410 Antitrust

**○ B. Personal Injury/Malpractice**
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

**○ C. Administrative Agency Review**
☐ 151 Medicare Act
Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)
Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

**○ D. Temporary Restraining Order/Preliminary Injunction**
Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

**○ E. General Civil (Other)** OR **○ F. Pro Se General Civil**

Real Property
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

Personal Property
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

Bankruptcy
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

Prisoner Petitions
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

Property Rights
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

Federal Tax Suits
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

Forfeiture/Penalty
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

Other Statutes
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ○ G. *Habeas Corpus/ 2255*<br><br>☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ○ H. *Employment Discrimination*<br><br>☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ○ I. *FOIA/PRIVACY ACT*<br><br>☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ○ J. *Student Loan*<br><br>☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |
|---|---|---|---|
| ○ K. *Labor/ERISA (non-employment)*<br><br>☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ○ L. *Other Civil Rights (non-employment)*<br><br>☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☒ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ○ M. *Contract*<br><br>☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ○ N. *Three-Judge Court*<br><br>☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**
- ⦿ 1 Original Proceeding
- ○ 2 Removed from State Court
- ○ 3 Remanded from Appellate Court
- ○ 4 Reinstated or Reopened
- ○ 5 Transferred from another district (specify)
- ○ 6 Multi district Litigation
- ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
20 U.S.C. secs. 1400, et seq. Failure to provide a free and appropriate public education, as required by IDEA.

**VII. REQUESTED IN COMPLAINT**  ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23    DEMAND $ _____    Check YES only if demanded in complaint
JURY DEMAND: YES ☐  NO ☒

**VIII. RELATED CASE(S) IF ANY**  (See instruction)  YES ☐  NO ☒  If yes, please complete related case form.

DATE 4·1·08    SIGNATURE OF ATTORNEY OF RECORD  /s/

---

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I. COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III. CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV. CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI. CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.