UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CARL ANDERSEN AND ALYSON STEELE, parents and next friends of J.A., a Minor, <br><br> Plaintiffs, <br><br> v. <br><br> DISTRICT OF COLUMBIA, *et. al.*, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) Civil Action No. 08-0580 (RJL) |

**DEFENDANTS' MOTION FOR PARTIAL
DISMISSAL OF PLAINTIFFS' COMPLAINT**

The Defendants, by counsel, pursuant to Fed. R. Civ. P. 12(b)(6), hereby move this Court for dismissal of any claims and requests for relief brought pursuant to the Civil Rights Act, 42 U.S.C. §1983, because Plaintiff has failed to state a claim upon which relief can be granted under this statute. Defendants also move to dismiss all claims against Mayor Adrian Fenty because the Complaint contains no allegations of wrongdoing by this defendant.

                                       Respectfully submitted,

                                       PETER NICKLES
                                       Interim Attorney General for the District of Columbia

                                       GEORGE C. VALENTINE
                                       Deputy Attorney General, Civil Litigation Division

                                       **/s/ Edward P. Taptich**
                                       EDWARD P. TAPTICH
                                       Bar No. 012914
                                       Chief, Equity, Section 2

          **/s/ Maria L. Merkowitz**
          MARIA L. MERKOWITZ
          Bar No. 312967
          Senior Litigation Counsel
          441 4th Street, N.W.
          Sixth Floor South
          Washington, DC 20001
          (202) 442-9842
          E-mail – maria.merkowitz@dc.gov

April 29, 2008

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| CARL ANDERSEN AND ALYSON STEELE, parents and next friends of J.A., a Minor,<br><br>Plaintiffs,<br><br>v.<br><br>DISTRICT OF COLUMBIA, *et. al.,*<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)  Civil Action No. 08-0580 (RJL)<br>)<br>)<br>)<br>)<br>)<br>) |

**DEFENDANTS' MOTION FOR PARTIAL
DISMISSAL OF PLAINTIFFS' COMPLAINT**

**Preliminary Statement**

Plaintiffs filed the instant lawsuit against the District of Columbia, the District of Columbia Public Schools, Michelle Rhee in her official capacity as Chancellor of the District of Columbia Public Schools, and Mayor Adrian Fenty. Plaintiffs bring the complaint pursuant to, *inter alia,* 42 U.S.C. § 1983, and the Individuals with Disabilities Education Improvement Act of 2004 ("IDEIA"), 20 U.S.C. Sec. 1400 *et. seq.* (Complaint ¶ 1, 2)

Plaintiffs allege that the minor J.A. has not received an updated Individualized Educational Plan or an appropriate school placement. (Complaint ¶ 45) Plaintiffs filed an administrative due process hearing request on November 1, 2007, but were denied the requested relief on January 8, 2008 (Complaint ¶ 25, 28) Plaintiffs here allege this decision violated the IDEIA and "D.C. Rules of Procedure" by denying the requested

relief "without properly weighing the evidence" and "providing a reasoned explanation of his analysis of the evidence." (Complaint ¶ 49, 51)

As shown below, however, Plaintiffs' complaint on its face is deficient as a matter of law in a number of regards, and must be dismissed in those respects.

## ARGUMENT

### I.  Standard of Review for Dismissal of Claims Pursuant to SCR-Civil 12(b)(6)

In reviewing the sufficiency of claims pursuant to Fed. R. Civ. P. 12(b)(6), a court must consider whether the factual allegations are enough to suggest that a claim to relief is plausible. *Bell Atlantic Corporation v. Twombly,* 127 S. Ct. 1955, 1960 (2007). "Asking for plausible grounds does not impose a probability requirement at the pleading stage. . . ." *Id*. However, "a plaintiff's bare conclusion of law, or sweeping and unwarranted averment of fact, will not be deemed admitted" for purposes of a motion to dismiss, and the plaintiff only "enjoys the benefit of all inferences that plausibly can be drawn from well-pleaded allegations of the complaint." *Haynesworth v. Miller*, 820 F.2d 1245, 1254 (D.C. Cir. 1987); *Papasan v. Allain*, 478 U.S. 265, 286 (1986). While it is not necessary for a complaint to set forth "specific facts," *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007), "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 127 S. Ct. at 1965. Thus, a complaint's factual allegations must "raise a right to relief above the speculative level" and set forth "plausible grounds to infer" liability. *Id.*

In addition, the plaintiff bears the burden of establishing subject matter jurisdiction; the plaintiff must overcome the presumption that the court lacks jurisdiction. *Whitmore v. Arkansas,* 495 U.S. 149, 154-55 (1990); *Kokkonen v. Guardian Life Ins. Co. of Am.,* 511 U.S. 375, 377 (1994).

II. **To the Extent the Complaint Asserts Rights under Section 1983, Plaintiffs Have Failed to State a Claim for Which Relief Can be Granted**.

Plaintiffs' assertion of jurisdiction under 42 U.S.C. §1983, and Plaintiffs' seeming claims for relief under that statute are plainly in error. 42 U.S.C. §1983 states:

> Every person, who under color of a statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, Suit in equity, or other proceedings for redress.

In any Section 1983 action against a municipality such as the District of Columbia, the burden is on the plaintiffs to establish that the municipality has a custom or practice that caused the alleged constitutional or statutory violation. See e.g., *Monell v. Dep't of Social Services of the City of New York*, 436 U.S. 658, 694 (1978); *Daskalea v. District of Columbia*, 227 F.3d 433, 441 (D.C. Cir. 2000).

As a threshold matter, Section 1983 cannot apply here because the Complaint is facially deficient to state a claim under Section 1983. In a 2001 decision, this Court adopted a four part test setting forth the applicable standards for a finding of liability under Section 1983 based on an IDEA violation:

> (1) plaintiffs must prove by a preponderance of the evidence that DCPS violated one or more specific provisions of the IDEA; (2) plaintiffs must prove that exceptional circumstances exist, such that the conduct of DCPS that caused the

> IDEA violations was persistently egregious and prevented or frustrated [plaintiffs] from securing equitable relief under the IDEA; (3)…plaintiffs [must] establish that the District of Columbia has a custom or practice that is the moving force behind the IDEA violations; (4) plaintiffs must show why the normal remedies offered under the IDEA, and specifically compensatory education, are inadequate to compensate for the harm…suffered.

*Walker v. District of Columbia*, 157 F. Supp. 2d 11, 30 (D.D.C. 2001) (citations omitted). See also *Jackson v. District of Columbia*, Civ. No. 02-0968 (D.D.C., September 21, 2003); *R.S. v. District of Columbia*, 292 F. Supp. 2d 23 (D.D.C. 2003). Plaintiffs' Complaint contains no allegations of any "exceptional circumstances," or of any District of Columbia "custom or practice" behind any of the alleged IDEIA violations, or any reason why the "normal remedies" under the IDEIA would be inadequate.

In a 2003 decision, Judge Emmett Sullivan, while observing that "the threshold to survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6) is quite low," nonetheless dismissed any claims under Section 1983 in the absence of complaint allegations relating to three of the four elements of a violation of the statute. *Jackson v. District of Columbia*, *supra*, slip op. at 10. Among other things, the Court observed that "[n]othing in plaintiffs Complaint, other than the invocation of Section 1983 itself, suggests a claim based upon any custom, policy statement, or procedure of the District of Columbia." *Id.* See also *Lavon Savoy-Kelly v. Eastern High School,* Civ. No. 04-1751 (D.D.C., April 14, 2006.) (slip op. at 10).

Other than a bald assertion of Section 1983 as a basis for the Court's jurisdiction, there are no allegations in the Complaint with respect to *any* of the elements of a Section 1983 violation. Accordingly, any claims based on Section 1983 must be dismissed.

### III. **Mayor Fenty should be dismissed as a defendant**.

While plaintiff names Mayor Adrian Fenty as a defendant in the case caption, there are no allegations of wrongdoing on his part in the body of the Complaint. (See Complaint, generally). Accordingly, the Mayor must be dismissed as a defendant. See *Hinson v. Merritt Educational Center*, 521 F. Supp. 2d 22 (2007).

### CONCLUSION

Plaintiff's claims seeking relief under 42 U.S.C. § 1983 should be dismissed because the complaint fails to state a claim for which relief can be granted. For the same reasons, the Plaintiff's claim against Mayor Adrian Fenty should also be dismissed.

>
> Respectfully submitted,
>
> PETER NICKLES
> Interim Attorney General for the District of Columbia
>
> GEORGE C. VALENTINE
> Deputy Attorney General, Civil Litigation Division
>
> **/s/ Edward P. Taptich**
> EDWARD P. TAPTICH [012914]
> Chief, Equity, Section 2
>
> **/s/ Maria L. Merkowitz**
> MARIA L. MERKOWITZ [312967]
> Senior Litigation Counsel
> 441 4th Street, N.W.
> Sixth Floor South
> Washington, DC 20001
> (202) 442-9842
> E-mail – maria.merkowitz@dc.gov

April 29, 2008

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| **CARL ANDERSEN AND ALYSON STEELE,** parents and next friends of J.A., a Minor, ) ) ) ) | |
| **Plaintiffs,** ) ) | |
| v. ) ) | Civil Action No. 08-0580 (RJL) |
| **DISTRICT OF COLUMBIA,** *et. al.,* ) ) | |
| **Defendants.** ) ) ) | |

## ORDER

On consideration of Defendants' Motion for Partial Dismissal of Plaintiffs' Complaint, Plaintiffs' opposition thereto, and the record herein, it is this ___ day of _____, 2008,

ORDERED, that Defendants' motion is GRANTED; it is,

FURTHER ORDERED, that any claims pursuant to 42 U.S.C. § 1983 and against Mayor Adrian Fenty are hereby dismissed with prejudice.

_____
U.S. DISTRICT COURT JUDGE