**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

CARL ANDERSEN AND ALYSON STEELE, parents and next friends of J.A., a Minor,

Plaintiffs,

v.

DISTRICT OF COLUMBIA, *et al.*,

Defendants.

Civil Action No. 08-0580 (RJL)

**DEFENDANTS' ANSWER TO THE COMPLAINT**

Defendants, by counsel, here answer the Plaintiffs' Complaint as follows (paragraph numbers below correspond to the paragraph numbers in the Complaint):

1. The allegations in paragraph 1 are conclusions of law and/or the pleader, to which no response is required. If a response is required, then the same are denied.

2. The allegations in paragraph 2 are conclusions of law and/or the pleader, to which no response is required. If a response is required, then the same are denied, except that the Defendants admit that this Court has jurisdiction pursuant to the Individuals with Disabilities Education Improvement Act of 2004, 20 U.S.C. §§ 1400 *et seq.*

3. The Defendants admit the allegations in paragraph 3.

4. The Defendants admit the allegations in paragraph 4.

5. The Defendants admit that Adrian M. Fenty is the Mayor of the District of Columbia. The remaining allegations in paragraph 5 are conclusions of law and/or the

pleader, to which no response is required. If a response is required, then the same are denied.

6. The Defendants admit that Michelle A. Rhee is the Chancellor of the District of Columbia Public Schools and that she is sued in her official capacity. The remaining allegations in paragraph 6 are conclusions of law and/or the pleader, to which no response is required. If a response is required, then the same are denied.

7. The Defendants admit the allegation in paragraph 7.

8. Defendants lack knowledge and information sufficient to enable them to respond to the allegations in sentences one and two. The remaining allegations are conclusions of the pleader to which no response is required. If a response is required, then the same are denied.

9. The Defendants admit that J.A. attended West Elementary School in the 2006-2007 School Year. The remaining allegations in paragraph 9 are conclusions of the pleader to which no response is required. If a response is required, then the same are denied.

10. The Defendants deny the allegation in paragraph 10.

11. The Defendants admit that an MDT meeting convened on June 12, 2007. The remaining allegations in paragraph 11 are the pleader's characterization of the meeting to which no response is required; the meeting notes speak for themselves. If a response is required, then the same are denied.

12. The Defendants admit that an MDT meeting was convened on June 12, 2007. The remaining allegations in paragraph 12 are the pleader's characterization of the

meeting to which no response is required; the meeting notes speak for themselves. If a response is required, then the same are denied.

13. The Defendants admit that an MDT meeting was convened on August 15, 2007 and that DCPS provided the parents with progress reports. The remaining allegations in paragraph 13 are the pleader's characterization of the meeting to which no response is required; the meeting notes speak for themselves. If a response is required, then the same are denied.

14. The Defendants deny the allegation in paragraph 14.

15. The Defendants lack sufficient knowledge and information to enable Defendants respond to this allegation at this time.

16. The Defendants lack sufficient knowledge and information to enable Defendants to respond to this allegation at this time.

17. The Defendants lack sufficient knowledge and information to enable Defendants to respond to this allegation at this time.

18. The Defendants admit that DCPS provided notice of placement to Anne Beers Elementary School. Defendants deny the remaining allegations in paragraph 18.

19. The Defendants deny the allegation in paragraph 19.

20. The Defendants admit the allegation in paragraph 20.

21. The Defendants admit that Ms. Steele and her educational advocate visited the program at Anne Beers in October 2007. The remaining allegations in paragraph 21 are conclusions of the pleader to which no response is required. If a response is required, then the same are denied.

22. The Defendants deny the allegation in paragraph 22.

23. The Defendants deny the allegation in paragraph 23.

24. The Defendants deny the allegation in paragraph 24.

25. The Defendants admit the allegation in paragraph 25.

26. The allegations in paragraph 26 are conclusions of law and/or of the pleader to which no response is required. If a response is required, then the same are denied.

27. The Defendants admit the allegation in paragraph 27.

28. The Defendants admit the allegation in paragraph 28.

29. The Defendants admit that Stephanie Owens was qualified as an expert witness and testified**.** The remaining allegations in paragraph 29 are the pleader's characterizations of the testimony to which no response is required; the transcript speaks for itself. If a response is required, then the same are denied.

30. The Defendants admit that Dr. Griffin Doyle was qualified as an expert witness and testified. The remaining allegations in paragraph 30 are the pleader's characterizations of the testimony to which no response is required; the transcript speaks for itself. If a response is required, then the same are denied.

31. The Defendants admit that DCPS did not present expert testimony. Defendants deny the remaining allegations in paragraph 31.

32. The Defendants admit that Hearing Officer Will Purcell issued a decision on January 3, 2008. The remaining allegations in paragraph 32 are the pleader's characterization of the hearing officer's determination ("HOD"), which speaks for itself, to which no response is required. If a response is required, then the same are denied.

33. The allegations in paragraph 33 are the pleader's characterization of the HOD, which speaks for itself, to which no response is required. If a response is required, then the same are denied.

34. The allegations in paragraph 34 are the pleader's characterization of the HOD, which speaks for itself, to which no response is required. If a response is required, then the same are denied.

35. The allegations in paragraph 35 are the pleader's characterization of the HOD, which speaks for itself, to which no response is required. If a response is required, then the same are denied.

36. The allegations in paragraph 36 are the pleader's characterization of the HOD, which speaks for itself, to which no response is required. If a response is required, then the same are denied.

37. The allegations in paragraph 37 are the pleader's characterization of the HOD, which speaks for itself, to which no response is required. If a response is required, then the same are denied.

38. The Defendants admit the allegations in paragraph 38.

39. The Defendants lack sufficient knowledge and information to enable Defendants to respond to this allegation at this time.

40. The Defendants admit the allegation in paragraph 40.

41. The Defendants lack sufficient knowledge and information to enable Defendants to respond to this allegation at this time.

42. The Defendants lack sufficient knowledge and information to enable Defendants to respond to this allegation at this time.

43. The Defendants incorporate as though restated each of the answers stated in paragraphs 1 through 42 above.

44. The allegations in paragraph 44 are conclusions of law and/or the pleader, to which no response is required. If a response is required, then the same are denied, except that the Defendants admit that the Individuals with Disabilities Education Improvement Act of 2004 requires DCPS to offer a free appropriate public education to all qualifying children with disabilities.

45. The allegations in paragraph 45 are conclusions of the pleader to which no response is required. If a response is required, then the same are denied.

46. The Defendants lack sufficient knowledge or information at this time sufficient to form a belief as to the truth of the averments in paragraph 46.

47. The allegations in paragraph 47 are conclusions of law and/or the pleader, to which no response is required. If a response is required, then the same are denied.

48. The Defendants incorporate as though restated each of the answers stated in paragraphs 1 through 42 above.

49. The allegations in paragraph 49 are conclusions of law and/or the pleader, to which no response is required. If a response is required, then the same are denied.

50. The allegations in paragraph 50 are conclusions of law and/or the pleader, to which no response is required. If a response is required, then the same are denied.

51. The allegations in paragraph 51 are conclusions of law and/or the pleader, to which no response is required. If a response is required, then the same are denied.

Paragraphs 1 through 4 on page 10 of the Complaint constitute Plaintiffs' prayers for relief and legal conclusions of and by the pleader to which no response is required.

**BY WAY OF FURTHER ANSWER**, the Defendants deny all allegations of wrongdoing not otherwise responded to or admitted.

**FIRST AFFIRMATIVE DEFENSE**

The Complaint fails to state a claim upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

The Hearing Officer's Decision is supported by substantial evidence in the administrative record and should be affirmed.

Respectfully submitted,

PETER J. NICKLES
Acting Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General, Civil Litigation Division

**/s/ Edward P. Taptich**
EDWARD P. TAPTICH [012914]
Chief, Equity Section 2

**/s/ Juliane T. DeMarco**
JULIANE T. DEMARCO [490872]
Assistant Attorney General
441 Fourth Street, N.W., Sixth Floor
Washington, D.C. 20001
(202) 724-6614
(202) 741-0575 (fax)
E-mail: Juliane.DeMarco@dc.gov

July 31, 2008